IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, #M04196,<br>EMERALD AUSBY, #B61216,<br>LAVARIUS McFADDEN, Y49082,<br>GIOVONNIE MELDEY,<br>ERIC SMITH, #M48251,<br>JOHN DOES #1-3,<br><br>           **Plaintiffs,**<br>  vs.<br><br>LATOYA HUGHES,<br>ANTHONY WILLS,<br>TONYA KNUST, and<br>JOLENE KLUMP,<br><br>           **Defendants.** | Case No. 24-cv-00349-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Murphy, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his and other Menard inmates' constitutional rights (Doc. 1). This case is now before the Court for case management purposes.

Murphy asserts that he and other inmates have been denied Protective Custody ("PC") and are being punished for seeking PC by being placed in Menard's Receiving Building, where they are isolated and denied privileges. He seeks class action status and includes four other individuals as Co-Plaintiffs, as well as an indefinite number of "John Does." Murphy is the only individual who has signed the Complaint. Along with the Complaint, Murphy filed a Motion requesting a preliminary injunction or TRO requiring Defendants to remove the PC "overflow" from the Receiving Building, move PC to the West House, and restore all privileges (Doc. 2).

1

As an initial matter, while Murphy did not file a motion seeking class certification, such a motion would be futile given Murphy's *pro se* status. The Federal Rules permit class actions to be maintained only if the class representative "will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4). "Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)).

## The Complaint

The Complaint includes affidavits or declarations from three of the named Co-Plaintiffs as well as Murphy. Murphy states that he is in PC "overflow" in the Receiving Building, where he is isolated, there is no power, wi-fi, chapel, barbershop, or sufficient out-of-cell time, and as of February 3, 2024, his property and food were taken away (Doc. 1, pp. 8, 26, 29). Defendant Wills and other Menard staff put Murphy in danger by giving information about his case to gangs and others and moving him to a different housing area to have him harmed. They took these actions in retaliation for Murphy's litigation activity and requests for medical treatment (Doc. 1, p. 29).

Emerald Ausby signed an Affidavit stating he requested PC because gang members had targeted him because of his offense of conviction and his sexual orientation, which officers had disclosed (Doc. 1, pp. 32-34). He was attacked in December 2022 after being kicked out of PC. The IDOC's Inmate Search website shows that Ausby is currently housed at Pontiac Correctional Center, not Menard. Https://idoc.illinois.gov/offender/inmatesearch.html (last visited March 14,

2024).[1]

Lavarius McFadden's statement indicates he had sought PC since January 2023 because he renounced his former gang affiliation (Doc. 1, pp. 30, 35-36). He was "forced on isolation," his PC request was denied, he was placed with a cellmate he didn't want to be housed with, and PC was not effective.

Eric Smith's statement asserts that a cellmate attacked him because he is seriously mentally ill (Doc. 1, p. 31). He has been denied PC on multiple occasions and was in danger when he was returned to general population.

Plaintiff Murphy did not include a signed statement from Giovonnie Meldey, therefore it is not clear whether this individual has been informed of this lawsuit or wishes to participate in it. According to IDOC online records, there is no inmate with the surname "Meldey." It appears that Giovanni *Medley*, #Y41542, who is housed at Menard, is the person Murphy intended to name as a Co-Plaintiff. See https://idoc.illinois.gov/offender/inmatesearch.html (last visited March 14, 2024).

District courts must accept joint Complaints filed by multiple prisoners, but only if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Under Rule 20, "Persons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." A district court also has the discretion to sever a party at any time. *See* FED. R. CIV. P. 21. "This discretion allows a

---

[1] *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

3

trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. *Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted).

Here, although each identified Co-Plaintiff who has submitted a statement raises claims relating to PC, their situations are significantly different. Only Murphy is currently housed in PC, and his chief complaint is that he is isolated and denied privileges while he is in the "overflow" PC location. McFadden, Smith, and Ausby appear to be primarily concerned with the denial of their PC requests, and Ausby is no longer housed at Menard. Each individual's reason for requesting PC is different, and it is unclear why their PC requests were denied. Meldey/Medley may not be aware that Murphy seeks to include him in this case, and no facts are provided regarding his situation.

These plaintiffs' claims are not properly joined under Rule 20. None of the other individuals are housed with Murphy under the conditions he contends are unconstitutional. Their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, because each person's PC request and subsequent decision represents a separate transaction. Because each individual has a distinct reason for seeking PC, it is unlikely that any question of law or fact common to all plaintiffs will arise in the action.

Additionally, allowing Plaintiffs to proceed together in this case will foreseeably delay, complicate, and increase the costs of litigating their various claims. None of the individuals named by Murphy as Co-Plaintiffs signed the Complaint; they must sign the initial pleading before their claims may proceed. As non-attorneys proceeding *pro se*, neither Murphy nor any other Plaintiff may sign or file motions or pleadings on behalf of each other. Rather, each Plaintiff must

individually sign every filing affecting his claims. *See* FED. R. CIV. P. 11. While obtaining signatures at the beginning of the case may be comparatively easy, as the case progresses it can become more difficult for incarcerated persons to proceed together in a single action. "When the plaintiffs are no longer housed together in the same unit, it may be impossible [to] obtain each other's signatures." *See Hunter v. Allen Cty. Jail*, No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *1 (N.D. Ind. Nov. 23, 2020).

For these reasons, the Court finds that joinder in this case will further delay the fair and efficient litigation of each Plaintiff's claims. Therefore, the claims of Plaintiffs Emerald Ausby, Lavarius McFadden, and Eric Smith will be severed into separate actions. *See* FED. R. CIV. P. 21. Each of these Plaintiffs, if they decide to pursue their claims, will be required to submit an individual, signed Complaint. They will also be allowed to voluntarily dismiss the severed case if they do not wish to proceed with the action. The John Doe Plaintiffs will be dismissed from the action.

Because it is unclear if Giovonnie Meldey/Giovanni Medley intended to participate in this litigation, a separate severed case will not be created for him. If Medley wants to pursue his claims, he must file his own separate Complaint.

The only claims that will remain in this case are the claims raised by Plaintiff Steven Murphy. The Court will conduct the required merits review of Murphy's Complaint under 28 U.S.C. § 1915A in a separate Order.

**Pending Motions**

Murphy requests a TRO or Preliminary Injunction. He is currently in Protective Custody "overflow" in the Menard Receiving and Classification Building, which he describes as "isolation." He states that he is not allowed to have his property or commissary food in his cell;

5

is not allowed out-of-cell time; has no access to health care, law library, recreation, mental health service, chapel, television, wi-fi, or barber shop; and has only limited access to telephones. The cell windows are painted and there are no functioning electrical outlets. Murphy seeks an injunction, requiring Defendants to remove the PC "overflow" from the Receiving Building, move it to the West House, and restore all privileges (Doc. 2).

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1).

A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). To obtain injunctive relief, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Without expressing any opinion on the ultimate merits of Murphy's claims, the Court concludes that neither a TRO nor a preliminary injunction should be issued at this time. As for the TRO request, Murphy's allegations do not suggest the likelihood of immediate and irreparable harm *before Defendants can be heard*. His allegations also fail to demonstrate that a preliminary injunction is warranted. He does not say how long he has been deprived access to television, wi-fi, recreation, law library, and chapel. Some of these lost privileges do not implicate constitutional concerns at all; others may give rise to a claim only if the deprivation is prolonged. He does not describe any health conditions for which medical or mental health care has been denied.

At this juncture, it cannot be said that Murphy is likely to succeed on the merits of his claims or that any injury he may suffer from the undesirable conditions would be "irreparable." As such, Murphy's request for injunctive relief (Doc. 2) is **DENIED**.

Murphy's pending Motion to Proceed *in forma pauperis* (Doc. 3) will be addressed by separate Order.

Murphy's Motion for Recruitment of Counsel (Doc. 4) is **DENIED** without prejudice. The Court generally will not consider recruiting counsel for a *pro se* plaintiff until the Court conducts a preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the recruitment of counsel would be premature. S*ee Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). If Murphy's Complaint survives Section 1915A review, and he encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from

7

at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## Disposition

For the foregoing reasons, Plaintiffs Emerald Ausby, Lavarius McFadden, Eric Smith, and Giovonnie Meldey/Giovanni Medley are **TERMINATED** from this action. The John Doe Plaintiffs are **DISMISSED** from this action without prejudice. The only Plaintiff remaining in this case is Steven Murphy.

The Clerk of Court is **DIRECTED** to open three new cases for Plaintiffs Ausby, McFadden, and Smith against all of the Defendants listed in the caption of this case. The new cases shall be captioned as follows:

1. Emerald Ausby, Plaintiff v. Latoya Hughes, *et al.,* Defendants.
2. Lavarius McFadden, Plaintiff v. Latoya Hughes, *et al*., Defendants.
3. Eric Smith, Plaintiff v. Latoya Hughes, *et al.,* Defendants.

The Clerk is **DIRECTED** to file the following documents in the newly opened cases:

- This Memorandum and Order
- The Complaint and exhibits (Doc. 1)

Each of the above Plaintiffs, in his new case, will be given a deadline to inform the Court whether he wishes to proceed with his separate action, and to file his own individual, signed complaint. If the Plaintiff does not want to proceed and withdraws his claim, no filing fee will be assessed in the new case.

As noted above, if Giovanni Medley (Giovonnie Meldey) wishes to pursue any civil rights claims, he must submit an individual, signed complaint and a new case will be opened for him.

The Clerk is **DIRECTED** to mail a copy of the Complaint (Doc. 1), this Order, and a blank civil rights complaint form to Emerald Ausby at Pontiac Correctional Center, and to Lavarius

McFadden, Eric Smith, and Giovanni Medley (Giovonnie Meldey) (#Y41542) at Menard Correctional Center.

Plaintiff Murphy is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 14, 2024**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**